## Commonwealth ex rel. McDonald v. Smith

Before Carson, P. J., Cummins and Weiner, JJ.

*Harold V. Fergus*, for Borough of McDonald.

*Joseph C. Ralston*, for School District of Borough of McDonald.

*John C. Rogers*, for defendant.

CUMMINS, J., June 29, 1960.—On December 5, 1959, Charles J. Amic, Jr., income tax commissioner for the Borough of McDonald, filed separate informations against defendant, Alex Smith, charging him with violations of the earned income tax ordinance of the borough, on one information for the year 1957 and on the other information for the year 1958. There was also filed, either prior to or subsequent to December 5, 1959, a third information charging violations of the wage tax ordinance for the year 1956.

On December 5, 1959, warrants were issued for the arrest of defendant and on March 1, 1960, these war-

rants were served upon defendant by Constable Gilbert of the Borough of Midway. Defendant was taken to the office of Justice of the Peace Charles E. Karns, Jr., in Midway, where defendant furnished bond for his appearance at a hearing set for March 5, 1960, at 8:30 p.m.

On this date defendant was fined $100 and costs on the one information charging a violation of the wage tax ordinance for the year 1958.

On March 7, 1960, pursuant to defendant's petition for writ of certiorari, this court granted an order allowing the writ to be issued and served upon Justice of the Peace Karns, who later filed a transcript of these proceedings from his docket. Exceptions were filed to that transcript by defendant.

As a result of a stipulation by and between counsel representing the Borough of McDonald, the School District of McDonald and defendant, Alex Smith, the School District of McDonald is now a party to this proceeding.

The stipulation in part agreed upon by the parties to this litigation permits an amendment to the information to which certiorari has been allowed by adding count 2, which briefly reads: "Charles J. Amic, Jr., Income Tax Commissioner for the McDonald School District, further avers that on and after the 15th day of April, A.D., 1959, the defendant aforesaid . . . did unlawfully and wilfully fail, neglect and refuse to make, file a return and pay the applicable tax, interest and penalties on wages and other income earned by him during the tax year of 1958".

It was further stipulated and agreed by counsel for all the parties that count 2 is added in the nature of a declaratory judgment, and in the event the same would be adjudicated adversely to defendant, it is a part of this stipulation that no adverse penalties, fines or costs shall attach to defendant.

This matter is now before the court on the petition for writ of certiorari.

Counsel for all the parties have provided us with excellent briefs of the law which they claim provide this court with the answers to the important questions involved, but we feel we should be guided by the opinion written by President Judge Hoban in the case of the Borough of Throop v. Matyassi, 82 D. & C. 449.

In that case the Borough of Throop, by appropriate action of its council, adopted a wage tax ordinance in 1948, under authority of the Stonier-Brunner Act of June 25, 1947, P. L. 1145, 53 PS §2015.1 et seq. The ordinance required, inter alia, that every person subject to the tax, i.e., residents of the borough, should file information returns on appropriate forms at prescribed intervals, giving the pertinent data as to earnings from which his tax could be calculated. Section 8 of the ordinance provides that:

"Any person who shall fail, neglect or refuse to make any return required . . . shall be subject to a fine or penalty of one hundred ($100.00) dollars and costs for such offense or to undergo imprisonment for not more than thirty (30) days for the nonpayment of such fine or penalty and costs within ten (10) days from the imposition thereof."

On complaint that defendant, a resident of the borough and gainfully employed, failed and refused to file any return required by the ordinance for the period from January 1, 1949, to December 31, 1951, a warrant was issued to *an alderman* of the City of Scranton, defendant was arrested, brought before him and after hearing, the alderman entered judgment against defendant in the amount of $100 and costs. Before the alderman defendant challenged the jurisdiction of the alderman and, as in this case at bar, the exception on certiorari raised the same challenge.

The question in this case as in the one before us is whether the fine or penalty can be collected in proceedings before any justice of the peace (alderman) of the county, or whether the borough is restricted to proceedings before the burgess or any justice of the peace in the borough.

Judge Hoban said in that case: "Upon the record as it stands, we are of the opinion that an alderman of the City of Scranton has no jurisdiction to try an action to enforce a penalty for violation of the provisions of an ordinance of the Borough of Throop."

We believe this is true in the case before us and that Justice of the Peace Karns had no jurisdiction to try the action against defendant, Alex Smith, to enforce a penalty for violation of the provisions of the ordinance of the Borough of McDonald. Exceptions therefore must be sustained and judgment entered for defendant in this case, without prejudice to the right of the Borough of McDonald or the School District of McDonald to enter an action before the burgess or any justice of the peace in the Borough of McDonald.

It was brought out at the oral argument in this case that no justice of the peace in McDonald would entertain such an action against anyone who violated the wage tax ordinances of McDonald Borough or resolutions of the school board. This presents no problem for this court, since it is the law that: "If the justices of the peace of a particular borough fail or refuse to enforce a borough ordinance or delay the administration thereof, they may be compelled to perform their duties by mandamus": Borough of Throop v. Matyassi, syllabus.

From the facts in this case, the arguments of counsel and the briefs filed, there appears two other problems.

In our case, the income tax commissioner for the Borough of McDonald filed separate informations

against defendant, Alex Smith, charging him with violations of the wage tax ordinance of the borough, on one information for the year 1957 and on another information for the year 1958. There was also filed, either prior to or subsequent to December 5, 1959, a third information charging violation of the wage tax ordinance for the year 1956.

We are of the opinion that this is bad practice and that these separate violations for the years mentioned above should have been consolidated in one information.

We are also of the opinion that any informations charging any person with a violation of the wage tax ordinance of the borough should not be consolidated with a violation of the wage tax resolution of the school board. We feel this is not the proper procedure and that each taxing body should file its own complaint before either a justice of the peace in the Borough of McDonald or before the Burgess of McDonald.

Therefore, in consideration of the above, we make the following

*Order*

And now, June 29, 1960, the exceptions on certiorari filed by defendant are hereby sustained. Judgment is entered for defendant, without prejudice to the right of the Borough of McDonald or to the School District of McDonald, to prosecute any action or actions against defendant in the proper forum. Costs to be paid by the Borough of McDonald and the School District of McDonald.